UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLES B. ROCK, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 4:15-CV-1331 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

## OPINION ON DISMISSAL

Petitioner Charles B. Block, an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division's Goree Unit, filed this action seeking habeas corpus relief from a disciplinary conviction. (Docket No. 1.) After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that the petition must be dismissed for failure to state a claim on which relief may be granted.

## BACKGROUND AND CLAIMS

Petitioner asserts that he was denied due process of law in disciplinary proceeding number 20150178279 in which he was found guilty of possession of contraband on February 25, 2015, and assessed punishment of fifteen days solitary confinement, forty-five days commissary and cell restriction, and a reduction in line class status. (Id.) Although Petitioner indicates in his petition that he is eligible for mandatory supervision, he states that he did <u>not</u> lose any previously earned good-time credit as a result of his conviction. (Id. at 5.)

ANALYSIS

According to well settled precedent, sanctions that merely change the conditions of an inmate's confinement do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, cell restriction, and temporary solitary confinement are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *Id*. Moreover, a reduction in a prisoner's classification status and the potential impact on good-time credit earning ability, whether for purposes of parole or mandatory supervised release, are not protected by the due process clause. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

To challenge a prison disciplinary conviction by way of a federal habeas petition, a petitioner must have received a punishment sanction which included forfeiture of previously accrued good-time credits *and* be eligible for mandatory supervised release. *Id*. Because Petitioner indicates that he did not lose any previously earned good-time credit, his disciplinary conviction does not implicate any constitutionally protected liberty interest; therefore, he cannot challenge his disciplinary proceedings under the Due Process Clause. Accordingly, no cognizable federal habeas claim is raised in this petition.

CERTIFICATE OF APPEALABILITY

A Certificate of Appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). In other words,

the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). A district court may deny a Certificate of Appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons stated above, the Court determines that Petitioner cannot make a substantial showing of the denial of a constitutional right, therefore, a Certificate of Appealability from this decision will be denied.

## CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Petitioner's Application to Proceed *In Forma Pauperis* (Docket No. 2) is GRANTED.

2. Petitioner's application for writ of habeas corpus (Docket No. 1) is DENIED.

3. This action is DISMISSED with prejudice for failure to state a claim.

4. A Certificate of Appealability is DENIED.

5. All other pending motions, if any, are DENIED.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 29th day of May, 2015.

                                              MELINDA HARMON
                                    UNITED STATES DISTRICT JUDGE